(No. 1774—

WILLIAM L. LEACH, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 10, 1933.*

HENRY C. WARNER, for claimant.

OSCAR E. CARLSTROM, Attorney General; CARL DIETZ, Assistant Attorney General, for respondent.

Mr. JUSTICE ROE delivered the opinion of the court:

This is a claim for additional salary over the amount received by a former Judge of the Court of Claims, Honorable William L. Leach. The additional amount so claimed is Eight Thousand Nine Hundred Twenty-five ($8,925.00) Dollars.

The Attorney General has filed a general and special demurrer to the above claim.

On the 19th of September, 1922, a commission was duly issued to the claimant as a Judge of the Court of Claims, following the appointment of the claimant to said court by the Governor of the State of Illinois, and claimant having qualified for said office, taking and subscribing the constitutional oath of office, the oath having been filed in the office of the Secretary of State.

At the time of receiving this Commission, the salary of a Judge in the Court of Claims was fixed by the Legislature at Fifteen Hundred Dollars per annum.

The Legislature increased the salary of the Judges of the Court of Claims from Fifteen Hundred Dollars to Thirty-six Hundred Dollars per annum by amendment approved June 30, 1925. It is therefore claimed that the claimant herein was

entitled to receive said increase in salary from July 1, 1925, when the salary increase became effective up to and including the date of his resignation from this court, which was the 15th day of September, 1929.

There are three Judges in the Court of Claims of the State of Illinois. Upon the passage of the above salary amendment by the Legislature, two of the said judges tendered their resignations to the Governor of the State, and on or about July 1, 1925, the Governor again appointed them to the Court of Claims and they were again duly qualified and commissioned as Judges of the Court of Claims under the new salary schedule.

For some reason the claimant herein did not follow the same course of action. He was therefore holding office under and appointment made on or about the 19th day of September, 1922, and continued to so hold said office under the appointment then made until his resignation was received and accepted on the 15th day of September, 1929.

There is no doubt from all the facts presented that the claimant was a holdover officer of the State from July 1, 1925, to September 15, 1929, unless he resigned and was reappointed. Section 23 of Article V of the Constitution of 1870 is in part as follows:

"The officers named in this Article shall receive for their services a salary to be established by law, which shall not be increased or diminished during their official terms * * * *"

The official term of the complainant was from date of his appointment until successor was appointed or his resignation was received. No successor was appointed up to and until his resignation became effective. There was no new term of office created under the statute which increased the salaries of the judges of the Court of Claims.

It is with great regret that this court cannot allow a former and fellow judge of this court an amount in salary to which he believes that he is entitled, but unfortunately, as a State officer, he is amenable to the positive prohibition that the salary of a State officer, cannot be increased during his official term. For the reason, therefore, that the claimant was not entitled to any sum in addition to that received by him as his salary during his tenure of office under the laws, and the Constitution of the State of Illinois, the demurrer is sustained and the claim dismissed.